RECEIVED

SEP 11 2012

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## Eastern DIVISION

Joshua Seth Brenner )
)
14284 Forest Crest Drive )
)
Chesterfield, Missouri 63017 )
(Enter above the full name of the Plaintiff[s] )
in this action.) )
)
)
- vs - )
)
American Education Services (AES) )   Case No. _____
)
PO Box 2461 )       (To be assigned by Clerk
)                   of District Court)
Harrisburg, PA 17105-2461 )
)
_____ )
)
)
_____
(Enter above the full name of ALL Defend- )
ant[s] in this action. Fed. R. Civ. P. 10(a) )
requires that the caption of the complaint )
include the names of all the parties. Merely )
listing one party and "et al." is insufficient. )
Please attach additional sheets if necessary. )

## COMPLAINT

I. State the grounds for filing this case in Federal Court (include federal statutes and/or U.S. Constitutional provisions, if you know them):

The Fair Dept Collection Practice Act (FDCPA)
The Telephone Consumer Protection Act (TCPA)

II. Plaintiff, Joshua Seth Brenner resides at

14284 Forest Crest Dr., Chesterfield Saint Louis
street address                          city           county

Missouri, 63017, 636-346-2122
state      zip code    telephone number

(if more than one plaintiff, provide the same information for each plaintiff below)

III. Defendant American Education Services lives at, or its business is located at

PO Box 2461, Harrisburg, _____,
street address           city              county

Pensylvania, 17105-2461
state          zip code

(if more than one defendant, provide the same information for each defendant below)

2

IV.  Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. You may use additional paper if necessary):

Please refer to, two [2] page word Document Dated Tuesday, 11-September 2012, Addressed to: Judge." Also, refer to copy of Cease and Decist letter, Dated 7/19/2012, originally sent to American Education Services (AES), two[2] page Document. Also, refer to copy of Post Card stamped/signed by receiving Company (PHEAA Harrisburg) on behalf of American Education Services: US mail receipt of Delivery with received Date of July 30, 2012.

Tuesday, 11 September 2012

***Judge:***

On 8/4/12, we received the registered mail card back from the cease and desist letter that was sent via registered mail to American Education Services. The post card was stamped with the PHEAA (American Education Services subsidiary) acknowledging that they received the letter; even though the letter was mailed to American Education Services. However, we have continued to receive harassing phone calls to 636-346-2122 during August and now today at 314-469-3274 demanding past due amounts and denying a letter ever being sent out asking to stop the calls. I called American Education Services and complained, following the 4th harassing phone call. I talked with a supervisor named Jennifer who advised that the cease and desist letter is not binding unless it is signed by a person because a stamp does not prove anything – even though it is their own stamp. Regardless, Jennifer explained that anyone can stamp a registered mail card but without an actual signature by an AES employee, they can continue to call. I advised that it was not my problem that the person receiving the letter used a stamp but I was informed that I must resubmit the letter yet I would receive calls.

I asked what happens if I send another letter and again it is stamped? I was informed that it could very easily be stamped again but until someone actually signs for it, the letter is not binding. I explained that according to the Fair Debt Collection Practice Act it only states that a consumer need to send the letter and registered mail is not required but recommended and does not state anything about rubber stamped signatures. I asked for them to stop calling with automated messages and I was informed that because the messages are automated that they cannot stop because the system recognizes the past due amount. She did not care and we went around in circles before I eventually disconnected the call.

In addition to the harassing phone calls, I have a record with dates and time stamps of from American Education Services, calling on two different Sundays informing me of my past due, but when I call back on that Sunday, I receive an automated message informing me to call back during normal business hours of M-F. So, why is it ok for them to call and harass me on a Sunday when I cannot call them back on that same day? In addition, when I have called on the following week day, I have been informed that there is no record of calling me on a Sunday – however, unbeknown to them; I have saved all of my voice mails on my cell phone post-dating the date they stamped the post card.

**Voice Mail Recordings after 7/30**

1. 8/03/12: Friday, 11:48am, (automated)
2. **8/05/12: Sunday, 12:44pm, (automated)**
3. 8/07/12: Tuesday, 9:50am, (automated)
4. 8/10/12: Friday, 9:53am, (automated)
5. **8/12/12: 12:56pm, Sunday (automated)**

## <u>Violations</u>

1. The **Telephone Consumer Protection Act of 1991** (TCPA)
    a. Use of automated calls with fines of $500 up to $1,500 per incident
2. The **Fair Debt Collection Practice** Act (FDCPA)
    a. **Failure to cease communication upon request**: communicating with consumers in any way (other than litigation) after receiving *written* notice that said consumer wishes no further communication or refuses to pay the alleged debt, with certain exceptions, including advising that collection efforts are being terminated or that the collector intends to file a lawsuit or pursue other remedies where permitted[
    b. **Harassing calls to Consumer during non-normal hours of operation to call back bill collector (Sundays)**
    c. fines up to $1,000 per incident

**Settlement**

- **At the very least, $500 per incident for automated calls beyond cease date stamped (TCPA_**
- **At the very least $1,500 per Sunday incident (TCPA)**
- **At the very least, $1,000 per incident (FDCPA)**

TCPA: $2,500 – 7,500 (500 & 1,500 * 5 incidents)

FDCPA: $3,000 (1,500 * 2 incidents)

FDCPA: $5,000 (1,000 * 5 incidents)

**$2,500 – 7,500**

V. Relief: State briefly and exactly what you want the Court to do for you.

As stated in page two of Document to Judge:

TCPA Violation/Fines: $2,500 - 7,500 [500 - 1,500 X 5 incidents]

FDCPA Violations/Fines: $3,000 [1,500 X 2 incidents on Sundays]

FDCPA Violations/Fines: $5,000 [1,000 X 5 incidents]

Minimum Fine total Request, $2,500
Maximum Fine total Request, $7,500

VI. **MONEY DAMAGES:**

**A)** Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES [✓]     NO [ ]

**B)** If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

As stated in written forms, there are several violations of the Fair Debt Protection Collection Act & The Telephone Consumer Protection Act in which Fines are applicable.

VII. Do you maintain that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [✓]     NO [ ]

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 11 day of September, 2012

_____
Signature of Plaintiff(s)

4