IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA SETH BRENNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:12-cv-1631 HEA |
| vs. | ) |
| | ) |
| AMERICAN EDUCATIONAL | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

COMES NOW, PLAINTIFF, Joshua Seth Brenner, pro se, and pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, amends the previously filed Complaint as follows:

### PARTIES

1. Joshua Seth Brenner ("Plaintiff") is a citizen of the United States and a resident of the State of Missouri residing at 14282 Forest Crest Drive, Chesterfield, Missouri 63017.

2. Upon information and belief, American Educational Services ("Defendant") is a corporation established under the laws of Pennsylvania and having a place of business at 1200 N. 7th St. Harrisburg, Pennsylvania 17102, and a mailing address of P.O. Box 2461, Harrisburg, Pennsylvania 17105-2461.

### JURISDICTION AND VENUE

3. This is an action arising under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et. seq.*) (hereafter "FDCPA") and the Telephone Consumer Protection Act (47 U.S.C. §227) (hereinafter "TCPA"). This Court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper in this District in that a substantial part of the acts or omissions complained of herein occurred or are occurring in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff at various times in the past borrowed funds, in the form of student loans, for college tuition from a source or sources other than Defendant.

6. Upon information and belief, Defendant purchased the student loans that originated at a source or sources other than Defendant.

7. Plaintiff has at various times disputed that any debt is currently owed to or currently payable to Defendant (hereinafter "disputed debt").

8. Upon information and belief, Defendant has used the names SIMM Associates and/or NCO Financial in the process of attempting to collect the disputed debt.

9. Plaintiff notified Defendant in writing on or about July 19, 2012, that Plaintiff wished that Defendant cease further communication with the Plaintiff concerning the disputed debt.

10. In complete disregard to this notification, Defendant failed to cease further communications with Plaintiff concerning the disputed debt.

11. Defendant has engaged in conduct which has harassed, oppressed, and abused Plaintiff in connection with the collection of such disputed debt in that Defendant has on numerous occasions caused Plaintiff's telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at Plaintiff's telephone.

12. Defendant on numerous occasions has used false, deceptive, or misleading representations or means in connection with the collection of the disputed debt in that Defendant has stated that Plaintiff's wages would be garnished.

13. Upon information and belief, Plaintiff's loan application or loan applications with a source or sources other than Defendant did not list any cell phone number of Defendant.

14. Upon information and belief, Plaintiff did not list a cell phone number in or on any documents at any time during the transaction or transactions that resulted in the disputed debt.

15. Upon information and belief, Plaintiff has not provided Defendant did not list a cell phone number in or on any documents at any time.

16. Upon information and belief, since Plaintiff did not provide Defendant with a cell phone number in writing, Defendant has repeatedly contacted Plaintiff on Plaintiff's cell phone. Plaintiff has received repeated, harassing calls at all hours and often received telephone calls within one hour of each other. These phone calls were prerecorded and Plaintiff had not ability to request that the phone calls end.

17. Most telephone contact with Defendant on Plaintiff's cell phone occurred by an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1), and all calls that are subject of this Amended Complaint occurred within four years of the filing of this Amended Complaint.

18. Most telephone calls placed by Defendant to Plaintiff's cell phone by the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. §227(B)(1)(A).

19. The telephone number that Defendant used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system" was assigned to a cell phone service as provided in 47 U.S.C. §227(b)(1)(A)(iii).

20. The telephone calls were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

21. Upon information and belief, Plaintiff has not provided to Defendant a wireless phone number in writing nor has Plaintiff provided express consent to receive prerecorded cell phone calls from Defendant on Plaintiff's cell phone.

22. Plaintiff has not provided to Defendant "express consent" to allow Defendant to place

3

telephone calls to Plaintiff's cell phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(b)(1)(A).

## COUNT I
## Violations of FDCPA

23. Plaintiff restates and incorporates by references the allegations contained in Paragraphs 1-22.

24. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a(6).

25. Plaintiff notified Defendant in writing that Plaintiff wished Defendant to cease further communication with Plaintiff.

26. Defendant violated 15 U.S.C. §1692c(c) by failing to cease further communications with Plaintiff concerning the disputed debt after Plaintiff notified Defendant that Plaintiff wished Defendant to cease further communications with Plaintiff.

27. Defendant violated 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at Plaintiff's telephone number.

28. Defendant violated 15 U.S.C. §1692e(4) by representing to Plaintiff that nonpayment of the disputed debt would result in garnishment of Defendant's wages.

## COUNT II
## Violations of TCPA

29. Plaintiff restates and incorporates by references the allegations contained in Paragraphs 1-22.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. §227 *et seq*.

31. As a result of Defendant's violations of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47

U.S.C. §227(b)(3)(B).

32. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

33. Plaintiff is also entitled to an award of attorney's fees and costs.

## COUNT III
### Knowing And/Or Willful Violations of TCPA

34. Plaintiff restates and incorporates by references the allegations contained in Paragraphs 1-22.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. §227 *et seq.*

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. §227(b)(3).

37. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

38. Plaintiff is also entitled to an award of attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(A) permanently enjoin Defendant, its agents, officers, employees, representatives, successors, assigns, affiliates, licensees, attorneys, and all persons acting for, with, by, through, or under authority from Defendant from engaging in other violations of the FDCPA;

(B) award damages in the amount not exceeding $1,000 for violation of the FDCPA;

(C) award statutory damages in the amount of $500 for each and every call that violated the

TCPA;

(D) award treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

(E) permanently enjoin Defendant, its agents, officers, employees, representatives, successors, assigns, affiliates, licensees, attorneys, and all persons acting for, with, by, through, or under authority from Defendant from engaging in other violations of the TCPA;

(F) award the costs of this action, together with a reasonable attorney's fee;

(G) require Defendant to pay prejudgment and post judgment interest on any monetary award; and

(H) grant to Plaintiff such further relief as the Court deems just and proper.

Respectfully submitted,

Joshua Seth Brenner
14282 Forest Crest Drive
Chesterfield, MO 63017
(636)346-2122

Pro Se Plaintiff

6

## CERTIFICATE OF SERVICE

I, Joshua Seth Brenner, hereby certify that the foregoing FIRST AMENDED COMPLAINT was served on Defendant's counsel by mailing a copy via first class mail to Kate M. Heideman, Husch Blackwell LLP, 190 Carondelet Plaza, Suite 600, St. Louis, Missouri 63105, on this 17th day of December, 2012.

_____
Joshua Seth Brenner