# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **JOSHUA SETH BRENNER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 4: CV1631 HEA |
| **AMERICAN EDUCATION SERVICES,** | ) |
| **Defendant.** | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff has filed this *pro se* action against Defendant claiming his rights under Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 had been violated by Defendant. The matter is before the Court on Defendant's Motion for Summary Judgment, (Doc. No. 31).[1]

### Facts and Background

Plaintiff's First Amended Complaint alleges that Defendant purchased certain student loans and engaged in harassing actions in its effort to collect the loans. Further, Plaintiff claims Defendant called his cell phone number on

---

[1] Plaintiff has filed a "Memorandum in Support of Plaintiff's Motion for Summary Judgment, but has not filed a Motion for Summary Judgment, nor has he filed an Opposition to Defendant's Motion. As such, the Court construes Plaintiff's Memorandum as his Opposition to the pending motion for summary judgment.

numerous occasions without his consent in violation of the TCPA.  Plaintiff seeks damages for each telephone call and seeks treble damages for willful violations.

In its Statement of Uncontested Facts, Defendant establishes that American Educational Services, (AES), is a fictitious name used by Pennsylvania Higher Education Assistance Agency, a state-agency of the Commonwealth of Pennsylvania.  In relation to Plaintiff's private student loans, the record establishes that  AES acted as the loan servicer for certain student loans originated by various private student loan lenders between December 17, 2004 and August l, 2007.  These loans have since been charged off the AES system.  AES began servicing the loans prior to them becoming delinquent or in default.

Plaintiff expressly provided his cell phone number on numerous documents sent to AES throughout the servicing of his private student loans.  In particular, the forbearance forms Plaintiff completed contained an agreement that AES was authorized to use an automated telephone dialing system.  Moreover, the forms included language which informed Plaintiff that he did not have to include his telephone number.

## SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well settled.  In determining whether summary judgment should issue, the Court must view the facts and the inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 918, 921 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and show that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must adduce specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256, *Littrell*, 459 F.3d at 921.

The nonmoving party must articulate and substantiate specific facts showing a genuine issue of material fact. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United Life of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed.R.Civ.P. 56(e)); "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986); *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict

for the nonmoving party" on a factual issue. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Machs. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted);" *Putnam v. Unity Health System*, 348 F.3d 732, 733--34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson* 62 F.3d at 241 (8th Cir. 1995); *Smith v. International Paper Co.*, 523 F.3d 845,848 (8th Cir. 2008). "The mere scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. 242 at 252; *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

## DISCUSSION

**FDCPA**

Plaintiff claims that AES violated the FDCPA when it attempted to collect on his loans. The FDCPA, however, specifically excludes Defendant from its coverage by reason of the fact that AES began servicing the loans prior to any delinquency or default.

The FDCPA excludes:

any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F)(iii).  It is undisputed that AES serviced the loans prior to any delinquency or default, and as such, the FDCPA is inapplicable to it and it is entitled to judgment as a matter of law on Plaintiff's FDCPA claim.

**TCPA**

Plaintiff also claims Defendant violated the TCPA by using an automated telephone dialing system to contact him for the collection of the loans without his consent.  To the contrary, as Defendant correctly argues, Plaintiff, on numerous occasions submitted letters to Defendant wherein he voluntarily provided his cell phone number.  Additionally, Plaintiff completed forbearance forms in which Plaintiff agreed to the exact type of communications of which he now complains.  Significantly, the forbearance request was not contingent upon Plaintiff agreeing to the automated system, yet Plaintiff specifically did so.  Plaintiff is not now entitled to seek damages for actions taken by Defendant to which he agreed.  Summary Judgment is therefore appropriate on Plaintiff's TCPA claim.

## Conclusion

Based upon the foregoing analysis, Plaintiff has failed to withstand the challenge to his claims, and therefore, Defendant is entitled to judgment as a matter

of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (Doc. No. 31), is granted.

**IT IS FURTHER ORDERED** that all other pending motions are denied, as moot.

A separate judgment is entered this same date.

Dated this 8th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE