UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA SETH BRENNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:12CV1631 HEA |
| AMERICAN EDUCATION SERVICES, | ) |
| Defendant, | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before this Court on remand from the Eighth Circuit Court of Appeals on the issue of whether summary judgment is appropriate on Plaintiff's claim that he withdrew his consent to receive automated collection telephone calls from Defendant. For the reasons that follow, the Motion is granted.

The Eighth Circuit remanded this action for this Court to consider whether Plaintiff's evidence supporting his contention that he revoked his consent was sufficient to preclude summary judgment.

Defendant argues that Plaintiff failed to controvert its Statement of Undisputed Material Facts pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's Local Rule 7-4.01.

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court

demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.,* 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir.2000) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir.2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir.1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir.2005). The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir.2000). However, the court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir.2005). The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir.2000). However, the court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976).

Local Rule 7-4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 7-4.01(E). Plaintiff has not met the requirements of Local Rule 4.01(E), and is deemed to have admitted all facts in Defendants' Statement of Uncontroverted Facts. *Turner v. Shinseki,* 2010 WL 2555114, at *2 (E.D.Mo. June 22, 2010) (citing *Deichmann v. Boeing Co.,* 36 F.Supp.2d 1166, 1168 (E.D. Mo.1999), aff'd, 232 F.3d 907 (8th Cir.2000), cert. denied, 531 U.S. 877).

However, Plaintiff's failure to respond properly to the motion for summary judgment does not mean summary judgment should be automatically granted in favor of Defendant. Even if the facts as alleged by Defendants are not in dispute, those facts still must establish Defendant is entitled to judgment as a matter of law. *Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.,* 332 S.W.3d 184, 191 (Mo.Ct.App.2010) (citations omitted). *See also Burnett v. Acikgoz,* No. 4:13–CV–1990–JAR, 2015 WL 4603475, at *2 (E.D.Mo. July 30, 2015); *Vandergrift v. Emerson,* 2012 WL 15021, at *1 (W.D.Mo. Jan. 4, 2012).

4

While Plaintiff argues that he revoked his consent to calls to his cell phone, Plaintiff completely ignores the most fundamental issue before this Court. A necessary element of any TCPA claim is that Defendant utilized an automatic telephone dialing system to make non-emergency phone calls without Plaintiff's consent. Section 227(b)(1)(A)(iii) of Title 47, United States Code provides:

> **(b) Restrictions on use of automated telephone equipment**
> **(1) Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
>>> **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

47 U.S.C. § 227.

Although Plaintiff claims Defendant utilized an automated telephone dialing system to make calls in violation of the TCPA, the record is completely devoid of any evidence of such use. Thus, the issue of whether Plaintiff withdrew his consent to be contacted on his cell phone is not a material dispute on the record before this Court; Plaintiff must establish that an automated dialing system was utilized *before* the affirmative defense of consent becomes relevant.

5

This Court has allowed Plaintiff to supplement the record with his declaration that he mailed his withdrawal of consent, in spite of the expiration of the deadline to do so, and this Court has construed the record in a light most favorable to Plaintiff and has given Plaintiff the benefit of any inferences that logically can be drawn from those facts, however, this Court cannot presume what has not been established in the record. Because there is no evidence of the use of an automated telephone dialing system, Plaintiff's claim under the TCPA fails.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 31], is **Granted**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 6th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE